# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAURA LUST,** ) | |
| ) | |
| Plaintiff, ) | Case No: 2:21-cv-02197 |
| ) | |
| v. ) | |
| ) | |
| **TRANS UNION, LLC,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, LAURA LUST, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against TRANS UNION, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. LAURA LUST, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kansas City, County of Wyandotte, State of Kansas.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. TRANS UNION, LLC, (hereinafter, "Defendant"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Kansas, is a citizen of the state of Kansas.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

### IV.    ALLEGATIONS

9. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

10. Trans Union, LLC has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

11. The inaccurate information of which Plaintiff complains are multiple accounts, or trade-lines totaling over twenty-five (25) accounts, more than ten (10) of which were collection accounts.

12. Specifically, Plaintiff asserts that she did not incur these debts as they were the debts that belonged to her daughter in law. Plaintiff was not a legally responsible in any way to pay her daughter in law's bills.

13. Plaintiff's credit file was mixed with her daughter-in-law's credit file causing consumer reports about Plaintiff to be disseminated containing her daughter-in-law's derogatory credit information.

14. Despite the foregoing, Trans Union, LLC has disseminated credit reports and/or information that the accounts are her debts and in collections.

15. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. The credit reports have been disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

19. At all times pertinent hereto, Trans Union, LLC was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union, LLC.

20. At all times pertinent hereto, the conduct of Trans Union, LLC, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

21. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union, LLC is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

22. The conduct of Trans Union, LLC was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union, LLC is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.   JURY DEMAND

23. Plaintiff hereby demands a trial by jury on all issues so triable.

24. The Plaintiff, LAURA LUST, by and through her attorneys, SmithMarco, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAURA LUST, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Punitive damages;

   d. Plaintiff's attorneys' fees and costs; and,

e.     Any other relief deemed appropriate by this Honorable Court.

                    Respectfully submitted,
                    **LAURA LUST**


By:    s/ Mandy M. Shell
          Attorney for Plaintiff

Dated: April 29, 2021

Mandy M. Shell, KS Bar # 23410
105 E 5th Street, Suite 302
Kansas City, Missouri 64106
**Telephone:** (913) 879-1001
**Facsimile:** (888) 418-1277
**E-Mail:** mshell@smithmarco.com